[Civ. No. 641. First Appellate District.—September 10, 1909.]

## IDA ROSENOW, Respondent, v. LOUIS WIENER, Appellant.

ACTION FOR VALUE OF SERVICES—EVIDENCE FOR PLAINTIFF—NONSUIT PROPERLY DENIED.—In an action to recover the reasonable value of services rendered by plaintiff to defendant at his request, as bookkeeper and saleswoman, for the period of six months, where plaintiff testified to the performance of the services by her at defendant's request, that there was no understanding as to the amount of her compensation, that she had spoken to him about her pay, but he had put her off for want of funds, and promised to pay her later, and that her services were of the reasonable value of $15 per week, a motion by the defendant for a nonsuit was properly denied.

ID.—ALLOWANCE OF LESS SUM PER MONTH—ABSENCE OF TESTIMONY FOR APPELLANT—APPELLANT NOT AGGRIEVED.—Where the defendant offered no testimony to controvert the testimony of plaintiff to the value of her services, he is not aggrieved as appellant by the allowance to the plaintiff of the sum of $53.75 per month as the value of her services, for the period of service proved, being at a less rate than fifteen dollars per week.

ID.—DISTINCT EMPLOYMENTS NOT INCOMPATIBLE.—The fact that the defendant was employed during the evenings by a corporation of which defendant was the president, in another and distinct capacity, does not show that the two employments were incompatible, where such evening employment did not unduly interfere with her daily employment by the defendant personally.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, for Appellant.

Edwin T. McMurray, for Respondent.

KERRIGAN, J.—This is an appeal by defendant from the judgment and from the order denying his motion for a new trial. The action was to recover the reasonable value

of services rendered to him by plaintiff as a bookkeeper and saleswoman.

The findings of the court are as follows:

"1. That on the eleventh day of December, 1906, said plaintiff entered defendant's service at his request, and continued in said service at his request until the eleventh day of June, 1907. That during said time plaintiff performed various duties for defendant at his request and rendered service to defendant in and about his business, in the city and county of San Francisco, as bookkeeper, saleslady and general clerk. That said plaintiff was engaged in the service of defendant as aforesaid for six months, to wit, from the eleventh day of December, 1906, to the eleventh day of June, 1907; that during said period plaintiff devoted eight or nine hours a day to defendant's service and occupied a position of confidence and responsibility.

"2. That no definite agreement was had between said parties as to the compensation which plaintiff was to receive for her said service, and no agreement was had between said parties that said service was to be rendered gratuitously.

"3. That the reasonable value of the said services rendered by plaintiff as aforesaid for the said six months is the sum of $322.50, or the sum of $53.75 per month."

Upon these findings the court rendered judgment for plaintiff in the sum of $300 and costs (there being an offset amounting to the balance of $22.50).

The appellant makes two points: (1) That his motion for a nonsuit should have been granted; and (2) that the evidence is insufficient to sustain the decision of the court.

The plaintiff testified that at the request of the defendant she performed services for him as clerk, bookkeeper and saleswoman in his store for some six months, and goes at some length into detail as to those services. She testified that there was no understanding between them as to the amount of her compensation, but that she had previously worked for the defendant in a similar capacity, and thought that he would pay her what was right; that she had during her employment spoken to the defendant about her pay, and had been put off by him because he was short of money, but that he promised to pay her later. She also gave testimony as to the value of her services.

In view of this testimony we think the motion for a nonsuit was properly denied.

On the second point, viz., that the evidence is insufficient to sustain the decision of the court, appellant's principal argument is directed to the fact that the only evidence of the value of the services of plaintiff is her own testimony that she considered her services were well worth $15 a week, and objects that upon this evidence the court found that her services were worth the sum of $53.75 per month.

There is no reason why the plaintiff should not give testimony as to the value of her services; and if defendant was dissatisfied therewith, he could have introduced testimony upon the same point; but he neglected to do so, and the plaintiff's evidence stands uncontradicted. It is easy to calculate the value of a month's service when a weekly rate is given; and if the court found a less amount than would have been warranted by the uncontradicted testimony, the appellant was not injured thereby, and cannot complain of the finding.

On the same point—the insufficiency of the evidence to sustain the findings of the court—the appellant calls attention to some evidence that the plaintiff was, during the period covered by the services forming the basis of this action, employed by a corporation (of which the defendant was president) in another and different capacity, and argues that the two employments were incompatible, and rendered unlikely the one now under consideration. But the evidence discloses that the services rendered under this additional employment were performed principally during the evening, and did not unduly interfere with her duties under her employment by the defendant.

Upon a careful reading of the record we think the findings are amply supported by the evidence, and that the motion for a new trial was properly denied.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.